1998-NMCA-108

962 P.2d 633

Linda G. NOLLEN, individually, Richard A. Nollen, individually, and Linda G. Nollen as mother and natural guardian and on behalf of Crystalyn Faith Nollen, a minor, Plaintiffs,

v.

Stephen L. REYNOLDS, individually and in his official capacity, The Board of County Commissioners of the County Commissioners of the County of Sandoval, Jeannine S. Reynolds, and Brian Reynolds, Defendants.

and

FARMERS INSURANCE COMPANY OF ARIZONA, Petition ers–in–Intervention–Appellees,

v.

Stephen L. REYNOLDS, Brian Reynolds, Crystalyn Nollen, Richard Nollen, and Linda Nollen, Defendants and Respond ents–in–Intervention–Appellants.

No. 18709.

New Mexico Court of Appeals.

July 7, 1998.

Michael E. Vigil, Marchiondo & Vigil, P.A., Albuquerque, for Appellants Crystalyn Faith Nollen, Richard A. Nollen and Linda G. Nollen.

M. Clea Gutterson, William P. Gralow, Civerolo, Gralow & Hill, P.A., Albuquerque, for Appellee Farmers Insurance Co.

## OPINION

BOSSON, Judge.

{1} Plaintiffs appeal from an order granting summary judgment to Farmers Insurance Company regarding the limits of the liability insurance policy in this case. Plaintiffs maintained that under the liability policy

they could recover separate policy limits for an independent claim for loss of consortium. Farmers contended that all such claims had to fit within the "per person" policy limits. The district court agreed with Farmers, and on appeal we affirm.

## FACTS

{2} Plaintiff Linda Nollen and her daughter Crystalyn were involved in an automobile accident with another vehicle insured by Farmers. Both Linda and Crystalyn Nollen successfully sued the driver of the other car to recover payment for their respective injuries. In addition, Richard Nollen, Linda's husband and Crystalyn's father, sued Farmers' insured to recover for loss of consortium and for reimbursement of medical expenses incurred by his daughter.

{3} Farmers' policy provides maximum coverage of $100,000 for bodily injury "for each person" and maximum coverage of $300,000 for bodily injury "for each occurrence." The policy states:

1. The *bodily injury* liability limit for "each person" is the maximum for *bodily injury* sustained by one person in any *occurrence*. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.

If the financial responsibility law of the place of the *accident* treats the loss of consortium as a separate claim, financial responsibility limits will be furnished.

2. Subject to the *bodily injury* liability limit for "each person" the *bodily injury* liability limit for "each *occurrence* " is the maximum combined amount for *bodily injury* sustained by two or more persons in any *occurrence*.

Plaintiffs argue that, in addition to the coverage provided for Linda and Crystalyn Nollen's damages under Paragraph 1, Richard Nollen is also entitled to recover separately for his loss-of-consortium claim, as long as all claims, taken together, fit within the "per occurrence" limits. Farmers argues that, under the language of the policy, Richard's loss-of-consortium claim falls under the "per person" limits, and therefore there is no further coverage available.

## DISCUSSION

■ {4} "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). In order to establish the risks that insurer and its policyholder assumed when the insurance policy was issued, we look to the language of the policy. *Gonzales v. Allstate Ins. Co.,* 1996–NMSC–041, 122 N.M. 137, 139, 921 P.2d 944, 946. Here, the language in the first and second sentences of Paragraph 1 provide that a claim for loss of consortium "shall be included in this limit" which applies to each person ($100,000). This portion of the provision unambiguously includes loss of consortium under the "per person" limits of the policy. Furthermore, limiting payments for loss of consortium in this fashion has only recently been upheld by our Supreme Court in *Gonzales,* which involved a similar insurance provision and an "independent" claim for loss of consortium. *See id.* at 140, 921 P.2d at 947.

{5} Given the holding in *Gonzales,* whatever viable dispute remains in this case must center on language different from that in the insurance policy in *Gonzales.* There is one such difference. The third sentence of Paragraph 1 states: "If the financial responsibility law of the place of the accident treats the loss of consortium as a separate claim, financial responsibility limits will be furnished." This language was not present in *Gonzales.* Plaintiffs argue that, under *Romero v. Byers,* 117 N.M. 422, 426, 872 P.2d 840, 844 (1994), loss of consortium is recognized as a separate claim belonging to the spouse in New Mexico, which entitles Richard to recover $25,000, the minimum coverage required by the financial responsibility law. *See* NMSA 1978, § 66–5–208(A) (1983). Farmers, on the other hand, argues that it is necessary to look elsewhere than general tort law in New Mexico. Rather, Farmers maintains that under the explicit language of the policy we must examine the "financial responsibility law of the place of the accident" to see if that statute, and not just the general tort law, specifies loss of consortium as a separate claim. Of course, New Mexico's financial

responsibility statute makes no reference to claims for loss of consortium. Because the financial responsibility statute does not separate loss of consortium from other types of claims, Farmers takes the position that no separate claim is allowed under the language of the insurance policy, and we agree.

{6} The first and second sentences of Paragraph 1 show that Farmers and its policyholder insured, the two parties to the insurance contract, intended to include within the bodily injury liability limit recovery for loss of consortium arising out of that "bodily injury." Thus, the injuries suffered by a person who is actually injured in an accident and any injury to consortium arising from that injury are subject to the "per person" limits for that bodily injury. We read the third sentence to say that if the financial responsibility laws of the state do not allow loss of consortium to be included under a claim of bodily injury and instead require a separate limit to be provided for loss-of-consortium claims, the policy will allow those limits required by the financial responsibility laws to apply. That is, the third sentence merely ensures that the policy will comply with a state's financial responsibility law; if that law prohibits an insurer from including loss of consortium in a "per person" bodily injury limit, the policy provides the minimum coverage. *Cf. Schaefer v. Allstate Ins. Co.,* 76 Ohio St.3d 553, 668 N.E.2d 913, 915 (1996) (holding, in essence, that Ohio public policy forbids insurer from attempting to limit uninsured motorist coverage for loss-of-consortium claim to injured party's limits, and requiring that separate "per person" limits be available for loss of consortium to claimant).

{7} New Mexico has no prohibition against combining a loss-of-consortium claim with a bodily injury claim. Additionally, the financial responsibility statute contains no language requiring separate coverage for loss of consortium. Therefore, the plain language of the policy, which includes loss of consortium in the "per person" limits for bodily injury, applies. This result is supported by case law from other states. *See Mid–Century Ins. Co. v. Bash,* 211 Cal. App.3d 431, 259 Cal.Rptr. 382, 385–86 (1989) (holding that policy containing similar clause

under "per person" limit provision unambiguously provided that loss-of-consortium claims would be included in that limit unless financial responsibility law of state required different treatment); *Teply v. Ballard,* 142 Or. App. 574, 922 P.2d 1236, 1238 (1996) (policy language limits insurer's liability for loss of consortium to "per person" liability limit).

{8} In an attempt to avoid the above result, Plaintiffs argue that loss of consortium is recognized as a separate claim under New Mexico's financial responsibility law. Plaintiffs point to the fact that loss of services is included in the statutory definition for "judgment" under the financial responsibility law. *See* NMSA 1978, § 66–5–209 (1983) ("judgment" includes any judgment "for damages, including damages for care and loss of services" due to bodily injury to a person). We disagree that this provision requires that a separate limit be provided for loss of consortium. This provision merely makes it plain that loss of services should be included in a judgment that is collectible by a plaintiff where appropriate. In no way does the mention of loss of services in the definition of "judgment" establish it as a separate claim for which separate limits must be provided. *See Teply,* 922 P.2d at 1240 (rejecting a similar argument).

{9} The fact that general New Mexico tort law allows an independent claim for loss-of-consortium damages does not address the issue of whether New Mexico's financial responsibility law requires separate treatment for such claims. *See Bash,* 259 Cal. Rptr. at 387 ("financial responsibility law" refers to discrete body of law more particularized than the laws of the state). Accepting this argument would mean that insurer's policy would pay separate claims for loss of consortium in any state recognizing loss of consortium as a valid cause of action. In turn, this would nullify insurer's obvious attempt to limit loss-of-consortium claims to "per person" bodily injury amounts. Reading the policy as a whole does not allow this result.

{10} The policy language in Paragraph 1 was drafted to ensure that loss-of-consortium damages would be included in the "per per-

son" bodily injury limits, that there would be no separate claim above and beyond those limits for loss of consortium, and that a separate limit would apply only in those states where the law requires a separate limit. That plain intention must be recognized and given force. *See Gonzales,* 1996–NMSC–041, 122 N.M. at 139, 921 P.2d at 946. Therefore, we affirm the district court's decision.

{11} **IT IS SO ORDERED.**

HARTZ, C.J., and ALARID, J., concur.