Argued and submitted May 11, reversed and remanded August 1, reconsideration
denied October 3, petition for review denied November 6, 1990 (310 Or 547)

# VIKING INSURANCE OF WISCONSIN,
*Appellant,*

*v.*

# Donna May POPKEN,
## Nicholas H. Coleman and Adam John Coleman,
*Respondents.*

(88-329 CV; CA A62122)

795 P2d 1091

Joel S. DeVore, Eugene, argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Blair M. Henderson, Klamath Falls, argued the cause for respondents. With him on the brief was Henderson, Molatore & Klein, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Viking Insurance of Wisconsin (plaintiff) brought this action for declaratory relief, seeking a determination of its maximum liability under its insurance contract with Nicholas Coleman. The insurance contract provides for bodily injury liability limits of $25,000 for each person and $50,000 per occurrence. Coleman was a driver in a car accident in which James Popken was killed.[1] Defendant Donna May Popken brought an action against Coleman on behalf of her husband's estate and on behalf of herself and her two minor children for lost income and loss of consortium. In this action, plaintiff contends that the Popkens' recovery against it is limited to the $25,000 per person maximum, because all of their claims arise out of the injury to Mr. Popken. The trial court held that the Popkens were limited by the $50,000 per occurrence maximum. Plaintiff appeals, and we reverse.

■     In the insurance contract, plaintiff promises to pay damages for bodily injury or property damage for which the insured is held liable. In a section entitled "Bodily Injury Covered By This Insurance," the contract states:

> "This insurance covers bodily injury, including loss of services, sickness, disease or death which results from the injury, caused by a car accident and suffered by any person."

In a section entitled "Limits Of Liability," the contract explains:

> "The limit for 'each person' is the limit for all claims by all persons for damages from bodily injury to one person. The limit for 'each occurrence' is the total limit for all claims for damages from bodily injury to two or more people in any one car accident."

The trial court reasoned that, under the contract, loss of services to James Popken's survivors is a bodily injury, so the "each occurrence" maximum applies.

To support the trial court's reasoning, defendants rely on *Allstate Ins. Co. v. Handegard,* 70 Or App 262, 688 P2d

---

[1] Defendant Adam John Coleman was a passenger in Nicholas Coleman's vehicle and was also injured in the accident.

1387, *rev den* 298 Or 704 (1984), in which the insurance contract defined "bodily injury" to include loss of services. The policy provided:

> " 'Allstate will pay for all damages a person insured is legally obligated to pay—because of bodily injury * * * *meaning:*
>
> " '(1) *Bodily injury,* sickness, disease or death to any person, *including loss of services; * * *.* (Emphasis supplied.)' " 70 Or App at 264.

We said:

> "When a policy of insurance defines terms in a manner which differs from the ordinary understanding of those terms, the policy definition controls. * * * This policy does just that when it defines loss of services as a form of bodily injury." 70 Or App at 266. (Citations omitted.)

Contrary to defendants' contention, the policy in this case does not define "loss of services" as a bodily injury.[2] Rather, it is clear that the section entitled "Bodily Injury Covered By This Insurance" only sets out the scope of coverage for bodily injury and the harms resulting from the bodily injury. The policy "covers bodily injury including loss of services * * * *which results from the injury.*" (Emphasis supplied.)

An insurer may define the scope of its coverage for bodily injury to include other harms that result from the injury without defining the collateral consequences of the injury as bodily injury. The policy under consideration differs materially from the one in *Allstate Ins. Co. v. Handegard, supra,* because the Allstate policy *defined* "loss of services" as a bodily injury. Because "bodily injury" is not defined in this policy, we give the phrase its ordinary meaning, which does not include loss of services. 70 Or App at 266. The Limits Of Liability section quoted above makes it absolutely clear that the $25,000 limit of liability for each person "is the limit for all claims by all persons for damages from bodily injury to one person." Defendants' claims are for loss of income and loss of services resulting from the bodily injury sustained by one person and are, therefore, subject to the $25,000 maximum.

---

[2] The contract includes a definition section that does not contain the phrase "bodily injury."

Reversed and remanded.