**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1629**

MARGARET CHAMBERS,

       Plaintiff - Appellant,

v.

NORTH CAROLINA DEPARTMENT OF JUSTICE; TIMOTHY RODGERS, in his individual and official capacity; ROBIN PENDERGRAFT, in her individual and official capacity,

       Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:22-cv-00037-MOC-DCK)

Argued:  March 8, 2023                      Decided:  April 17, 2023

Before WYNN, HARRIS, and HEYTENS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by published opinion. Judge Wynn wrote the opinion, in which Judge Harris and Judge Heytens joined.

**ARGUED:** Bert Joseph Miano, MIANO LAW PC, Matthews, North Carolina, for Appellant.  Tamika Lynn Henderson, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Joshua H. Stein, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

WYNN, Circuit Judge:

Margaret Chambers brought this wrongful-termination action against her former employer—the North Carolina Department of Justice—and two former supervisors, Timothy Rodgers and Robin Pendergraft, in their official and individual capacities. The district court dismissed some claims as barred by sovereign immunity and dismissed the entirety of the complaint as time barred. Because we conclude that the district court failed to apply the correct statute of limitations, we vacate in part and remand for further proceedings.

I.

Chambers, an African American woman, began working as an investigator with the Medicaid Investigations Division at the North Carolina Department of Justice in April 2007. In her complaint, she alleges that after participating in an investigation into alleged misconduct by Rodgers, she was subjected to racially discriminatory and disparate treatment by Rodgers and Pendergraft.

Chambers's employment was terminated on November 21, 2017, and, just shy of four years later, she filed this action on November 19, 2021, alleging wrongful termination under 42 U.S.C. § 1981 pursuant to 42 U.S.C. § 1983.[1] In response, Defendants moved to dismiss, arguing that the claims were untimely, that certain Defendants enjoyed sovereign immunity, and that Chambers failed to state a claim upon which she was entitled to relief.

---

[1] Chambers brought additional claims, but she does not appeal the dismissal of those claims.

2

The district court granted the Defendants' motion to dismiss, finding that some claims were barred by sovereign immunity and that, "[i]n any event," all of her claims were subject to the three-year statute of limitations found in N.C. Gen. Stat. § 1-52(16). *Chambers v. N.C. Dep't of Just.*, 3:22-cv-37-MOC-DCK, 2022 WL 1445231, at *2–3 (W.D.N.C. May 6, 2022). The court also found that the North Carolina Department of Justice was not an appropriate defendant for a § 1983 action. *Id.* at *3 n.2 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). It did not reach the other issues raised, including Defendants' contention that the complaint failed to state a claim. *See id.* at *2–3. Chambers timely appealed.

## II.

At oral argument, Chambers conceded that the district court properly dismissed the North Carolina Department of Justice as a defendant. *See id.* at *3 n.2. She also conceded that the court properly dismissed, on sovereign-immunity grounds, her claims against Rodgers and Pendergraft in their official capacities insofar as she requested money damages rather than prospective relief. *See id.* at *2.

However, she argues that the district court erroneously dismissed the remainder of her claims—specifically, her wrongful-termination claim for prospective relief against Rodgers and Pendergraft in their official capacities and her wrongful-termination claim for money damages and prospective relief against those Defendants in their individual capacities—as time barred.

"[W]e review a grant of a motion to dismiss for failure to state a claim de novo." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015). Likewise, "[w]e review

3

the district court's statute-of-limitations decision de novo." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 359 (4th Cir.), *as amended* (Mar. 28, 2018)).

III.

Chambers argues that Defendants wrongfully terminated her in violation of § 1981, which establishes an equal right to "make and enforce contracts" regardless of race. 42 U.S.C. § 1981(a).[2] She brings this claim pursuant to § 1983, which creates an express right of action against state actors for the "deprivation of any rights" that are "secured by the Constitution and [federal] laws," including § 1981. 42 U.S.C. § 1983; *see Mveng-Whitted v. Va. State Univ.*, 927 F. Supp. 2d 275, 276 (E.D. Va. 2013). As Chambers notes, § 1983 is the "procedural vehicle" by which she seeks to vindicate her substantive § 1981 rights. Opening Br. at 12.

Congress initially enacted § 1981 as part of the 1866 Civil Rights Act. "It was amended in minor respects in 1870 and recodified in 1874, but its basic coverage did not change prior to 1991." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 372 (2004) (internal citation omitted). In its 1989 decision in *Patterson v. McLean Credit Union*, the Supreme Court construed § 1981 as limited to race discrimination in the formation of contracts and the enforcement of "established contract obligations," but as not applying "to

---

[2] In relevant part, § 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a).

4

conduct which occurs *after* the formation of a contract." *Patterson v. McLean Credit Union*, 491 U.S. 164, 171 (1989) (emphasis added). Shortly thereafter, Congress responded with the Civil Rights Act of 1991, which superseded *Patterson* and expanded § 1981 to prohibit race discrimination post-contract formation, including in the termination of contracts.[3] *Jones*, 541 U.S. at 373; *see* Pub. L. No. 102-166, § 101, 105 Stat. 1071, 1071–72 (codified at 42 U.S.C. § 1981(b)).

Neither § 1981 nor § 1983 carries an explicit statute of limitations. Typically, in such cases, "federal courts should select the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). "For § 1983 suits, that [analogous] cause of action is a personal-injury suit." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 388 (4th Cir. 2014). That is apparently why the district court applied North Carolina's three-year limitations period for personal-injury claims, under which it determined that Chambers's complaint was untimely. *Chambers*, 2022 WL 1445231, at *3 (citing N.C. Gen. Stat. § 1-52).

But determinative for this case, in 1990 Congress enacted 28 U.S.C. § 1658, which established a catchall *four*-year statute of limitations for federal claims "arising under" any act of Congress that was enacted after December 1, 1990, unless the act provided its own

---

[3] Specifically, the act defined "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

statute of limitations. 28 U.S.C. § 1658(a).[4] Where § 1658(a) applies, its four-year statute of limitations supersedes any analogous state-law limitations period for purposes of claims brought pursuant to federal law.

Thus, to establish whether § 1658(a)'s four-year statute of limitations applies in this case, we must determine whether the present action "ar[o]s[e] under" the 1991 amendment to § 1981. *Id.* It did. In so concluding, we join the only other circuit to have directly answered this question. *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337–38 (11th Cir. 2008); *see also Mveng-Whitted*, 927 F. Supp. 2d at 278 (collecting cases and concluding "[t]he weight of authority around the country supports" the decision in *Baker*).

Our conclusion, like the Eleventh Circuit's, comes from a straightforward reading of the Supreme Court's 2004 decision in *Jones v. R.R. Donnelley & Sons Co.* In that case, the Court held that a cause of action "aris[es] under" an act of Congress enacted after December 1, 1990, if the plaintiff's claim was "made possible" by a post-1990 enactment. *Jones*, 541 U.S. at 382. Applying that rule, the Court unanimously held that a wrongful-termination claim brought directly under § 1981 against a private employer was "made possible" by the 1991 amendment to that section. *Id.* at 383. Therefore, it was subject to the four-year statute of limitations set forth in § 1658. *Id.*

---

[4] In relevant part, § 1658(a) provides: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [i.e., December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Section 1658 also contains some exceptions that are not applicable here. *See id.* § 1658(b).

Defendants argue that this action is distinguishable from *Jones* because it is brought against state actors and, as such, is governed by § 1983—which was enacted well before 1990 and has not been amended in relevant part since—rather than § 1981. So, Defendants argue, the three-year limitations period borrowed from North Carolina law applies and Chambers's claim is time barred. We disagree.

To be sure, § 1983 "is the 'exclusive federal remedy for violation [by state actors] of the rights guaranteed in § 1981.'" *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)). But § 1983 is merely the procedural vehicle for asserting an underlying claim, and "what matters [for purposes of determining the applicability of § 1658(a)] is the *substance* of the plaintiff's claim." *Mveng-Whitted*, 927 F. Supp. 2d at 278; *accord Jones*, 541 U.S. at 382 (holding that a cause of action is subject to § 1658's four-year statute of limitations "if the plaintiff's *claim* against the defendant was made possible by a post-1990 enactment" (emphasis added)); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (stating in dicta that "[s]ince the [§ 1983] claim here rests upon violation of the post-1990 [Act], § 1658 would seem to apply"). In other words, a plaintiff must use § 1983 as a vehicle to assert a § 1981 claim against a state actor. But what matters for determining the proper limitations period is the substance of the underlying claim. For an action brought to vindicate rights established under § 1981, this question turns on whether the claim concerns discrimination post-contract formation that was not actionable under the original, pre-1990 statute.

Here, Chambers brought a § 1983 action for wrongful termination in violation of § 1981. A wrongful-termination claim is based on post-contract-formation conduct. As Defendants correctly recognized at oral argument, it would not have been possible for Chambers to bring this action prior to December 1, 1990, because before that date, § 1981 was limited to discrimination in contract formation and enforcement. *See Jones*, 541 U.S. at 383 (citing *Patterson*, 491 U.S. at 171). In 1991, Congress expanded § 1981 to include discrimination post-contract formation. *Id.* Therefore, the 1991 amendment to § 1981 "made possible" this § 1983 action, and the four-year catchall statute of limitations provided by § 1658 applies. *See Baker*, 531 F.3d at 1337–38.

Nonetheless, Defendants asserted at oral argument that such a holding would lead to an "absurd" result because some § 1983 actions would be subject to the federal catchall statute of limitations while other § 1983 actions would be subject to the analogous state statute of limitations, even though they seek to redress the same underlying events. Oral Argument at 15:14–15:45, *Chambers v. N.C. Dep't of Just.*, No. 22-1629 (4th Cir. March 8, 2023), https://www.ca4.uscourts.gov/OAarchive/mp3/22-1629-20230308.mp3.

But there are many instances where different claims that arise from the same underlying events may have different limitations periods. *See, e.g.*, 42 U.S.C. § 2000e-5(e), (f)(1) (establishing a tiered limitations period for wrongful-termination claims brought under Title VII where a charge must first be filed with the Equal Employment Opportunity Commission and then, once a right to sue letter is received, a suit must be brought in a federal district court within 90 days). And it would be no less anomalous to hold, as Defendants suggest, that wrongfully terminated employees should face one statute of

8

limitations for private employers (under § 1981 and § 1658) and another for state employers (under § 1983, § 1981, and state law)—which in turn would vary by state. *Cf. Jones*, 541 U.S. at 379 (noting that, where federal courts must look to state law to determine the statute of limitations for a federal claim, it can be the case that "a plaintiff alleging a federal claim in State A would find herself barred by the local statute of limitations while a plaintiff raising precisely the same claim in State B would be permitted to proceed").

In fact, the *Jones* test was articulated by the Supreme Court to create *more* uniformity and certainty for federal causes of action. *Id.* at 382. The practice of "borrowing" state statutes of limitation for federal causes of action "generate[s] a host of issues." *Id.* at 378. Thus, "a central purpose of § 1658 was to minimize the occasions for that practice." *Id.* at 380. We therefore decline Defendants' invitation to apply North Carolina's personal-injury statute of limitations to § 1983 actions made possible by an act of Congress enacted after December 1, 1990.

IV.

In sum, we affirm the uncontested dismissal of the North Carolina Department of Justice and the uncontested dismissal of the official-capacity claims against the individual Defendants for money damages. But because the statute of limitations for the remaining claims is four years and not three years as the district court found, we must otherwise vacate the district court's grant of Defendants' motion to dismiss Rodgers and Pendergraft from this action. We remand for further proceedings consistent with this opinion.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

9