**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1529**

_____

DAQUANTAY ROBINSON,

        Plaintiff - Appellant,

v.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:21-cv-01601-LKG)

_____

Submitted:  April 16, 2024                      Decided:  June 20, 2024

_____

Before AGEE and WYNN, Circuit Judges, and Gina M. GROH, United States District Judge for the Northern District of West Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** John Amato, IV, GOODMAN, MEAGHER & ENOCH, LLP, Baltimore, Maryland, for Appellant.  Regina Maria Policano, MIDKIFF, MUNCIE & ROSS, P.C., Richmond, Virginia; Howard J. Schulman, WRIGHT, CONSTABLE & SKEEN, LLP, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Daquantay Robinson brought this action against Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), claiming that Penn National failed to pay the full amount of post-judgment interest it owed Robinson following a jury verdict against Penn National's insureds. The district court dismissed the action as time-barred. For the reasons that follow, we hold that Robinson timely filed his complaint. Accordingly, we vacate and remand for further proceedings.

I.

Robinson sued his landlords—Penn National's insureds—in Maryland state court for injuries he suffered due to lead paint exposure. On September 19, 2014, a jury found the landlords liable and awarded Robinson more than $2 million in damages. After granting a motion for remittitur, the trial court entered judgment in favor of Robinson for just over $1.5 million ("the tort judgment").

Following the jury verdict, Robinson filed a declaratory judgment action in the same court, seeking to determine the portion of the damages award for which Penn National, another insurer (CX Reinsurance Company Limited), and the landlords were each liable. In October 2016, the trial court found that Penn National was liable for a 12.04% pro rata share of the tort judgment. Three years later, the Court of Special Appeals of Maryland affirmed the portion of the declaratory judgment that pertained to Penn National.[1] *Robinson*

---

[1] Maryland changed the name of its state courts in 2022. The state's intermediate appellate court was previously titled the Court of Special Appeals of Maryland and is now titled the Appellate Court of Maryland. *See Voter-Approved Constitutional Change*

*v. CX Reinsurance Co.*, No. 1888, Sept. Term, 2016, 2019 WL 5173785 (Md. Ct. Spec. App. Oct. 15, 2019). And in March 2020, the Court of Appeals of Maryland denied certiorari in the case. *Robinson v. CX Reinsurance Co.*, 226 A.3d 242 (Md. 2020) (table decision).

Several months later, on August 5, 2020, Penn National sent Robinson a check for $289,997.12. That amount covered Penn National's 12.04% share of the underlying tort judgment, plus post-judgment interest on that portion of the tort judgment.

Over the following week, Robinson twice informed Penn National that, under the Maryland Court of Special Appeals' decision in *Pennsylvania National Mutual Casualty Insurance Co. v. Jeffers*, 223 A.3d 1146 (Md. Ct. Spec. App. 2020), Penn National was in fact liable for post-judgment interest on the *entire* tort judgment, not just its pro rata share. As such, Robinson asserted, the August 5 payment was "about $773,960 short of the amount owed." J.A. 80.[2] Penn National responded on August 18, 2020, that its payment represented the full amount it owed to Robinson, including all required post-judgment interest.

After trying and failing to obtain sanctions for Penn National's refusal to pay, Robinson filed this action in Maryland state court in May 2021, alleging a breach of

---

*Renames High Courts to Supreme and Appellate Court of Maryland*, Md. Cts. (Dec. 14, 2022), https://www.courts.state.md.us/media/news/2022/pr20221214 [https://perma.cc/8PJ7-7LFA]. The state's highest court was previously titled the Court of Appeals of Maryland and is now titled the Supreme Court of Maryland. *See id.*

[2] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

3

contract.[3] Penn National removed the case to federal court and moved to dismiss, asserting in relevant part that Robinson filed his complaint outside the applicable statute-of-limitations period. The district court agreed with Penn National that Robinson's claim for post-judgment interest "accrued when the post-judgment interest on the Tort Judgment began to accrue"—i.e., when the jury issued its verdict against the landlords in September 2014. *Robinson v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 21-CV-1601-LKG, 2021 WL 5957827, *5 (D. Md. Dec. 16, 2021). So, the district court concluded that the three-year statute-of-limitations period ended in September 2017, and it consequently dismissed Robinson's claims as untimely. *Id.* Robinson timely appealed.[4]

## II.

On appeal, Robinson contends that the district court erred in concluding that the Maryland statute of limitations bars his breach-of-contract claim. We review the district court's decision to dismiss on statute-of-limitations grounds de novo. *Chambers v. N.C. Dep't of Just.*, 66 F.4th 139, 141 (4th Cir. 2023).

---

[3] Robinson's complaint contained two counts—one for breach of contract and one for ancillary relief in aid of enforcement of the declaratory judgment. On appeal, Robinson only advances his breach-of-contract claim, so we limit our analysis to that claim.

[4] After it issued its December 16, 2021, order, the district court went on to order two rounds of supplemental briefing to inform whether it "should reconsider its decision to dismiss [Robinson's] breach of contract claim as untimely based upon the Maryland discovery rule[.]" Order, *Robinson v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 21-CV-1601-LKG (D. Md. Dec. 22, 2021), ECF No. 20. Following the supplemental briefing, the district court issued an order confirming its prior decision to dismiss the claim on statute-of-limitations grounds. *See Robinson v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 21-CV-1601-LKG, 2023 WL 3477117 (D. Md. May 1, 2023). Robinson appealed from that final decision.

Maryland bars all civil actions from being filed more than "three years from the date [the cause of action] accrues."[5] Md. Code, Cts. & Jud. Proc. § 5-101. A cause of action for breach of contract accrues when the breach "was or should have been discovered." *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1103–04 (Md. 1999). Most often, that means a cause of action for breach of contract accrues on the date of breach. *Cf. Boyd v. Bowen*, 806 A.2d 314, 333 (Md. 2002). And Maryland case law is clear that, in the context of insurance contracts, "[t]he statute of limitations against the insurer [does not] ordinarily . . . begin running until the insurer, after a judgment in the underlying tort case, breaches the policy by refusing to pay." *Wash. Metro. Area Transit Auth. v. Queen*, 597 A.2d 423, 426 (Md. 1991).

In this case, Penn National did not refuse to pay post-judgment interest until August 2020. Robinson's *entitlement* to eventual payment accrued on the date of the underlying tort judgment. But Penn National did not *breach* its correlative duty to pay interest until it tendered $289,997.12 and expressed that it would pay no more. In finding that Robinson's breach-of-contract claim "accrued when the post-judgment interest on the Tort Judgment began to accrue," *Robinson*, 2021 WL 5957827, at \*5, the district court conflated the moment at which Penn National's contractual obligation to pay post-judgment interest at some future date accrued with the moment when Penn National breached that contractual obligation and Robinson's cause of action for that breach accrued.

---

[5] Because the parties agree that Maryland law governs, "we need not inquire further into the choice-of-law question[.]" *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 913 F.3d 409, 415 n.4 (4th Cir. 2019).

In addition to repeating the district court's conflation of those two points in time, Penn National argues the statute of limitations must have begun running by the time Robinson filed his declaratory judgment action because Robinson's complaints in that action show he knew in 2014 that Penn National "was going to breach its obligation to pay." Response Br. at 20 n.13. We disagree.

When a party repudiates its contractual duty, "[t]here is no necessity for making the statutory period of limitation begin to run against the plaintiff until the day fixed by the contract for the rendition of performance, at least unless the plaintiff definitely elects to regard [an] anticipatory repudiation as a final breach." *Lane v. Nationwide Mut. Ins. Co.*, 582 A.2d 501, 505 (Md. 1990) (quoting 4 Arthur L. Corbin, *Corbin on Contracts* § 989 (1951)); *see also Com. Union Ins. Co. v. Porter Hayden Co.*, 698 A.2d 1167, 1189–91 (Md. Ct. Spec. App. 1997) (explaining why an insurer's anticipatory breach did not trigger statute of limitations).

Here, the complaints in Robinson's declaratory judgment action do not indicate that Penn National attempted to repudiate its duty to pay post-judgment interest or that Robinson accepted any repudiation. To be sure, Robinson's original and amended complaints in the declaratory judgment action reference Penn National's statement that it reserved the right to limit its liability "for any judgment awarded . . . in the Underlying Action to approximately 13% of such a judgment." J.A. 110–11. But that statement has no bearing on Penn National's intention to fulfill its contractual duty to pay *post-judgment interest*.

6

When Penn National asserted that it was liable for only 13% of the final judgment—as opposed to the 100% that Robinson asserted in the declaratory judgment action—it provided no indication that it would refuse to pay interest on the entire judgment. If, as Robinson alleges, Penn National was obligated to pay post-judgment interest on the entire judgment once it was determined to be liable for any portion of the judgment, then contesting its liability for 13% versus 100% of the judgment would have no impact on its duty to pay post-judgment interest. Accordingly, nothing in Robinson's declaratory judgment action indicates that Penn National repudiated its duty to pay post-judgment interest—or that Robinson regarded it as having repudiated that duty—prior to August 2020.

Because Penn National only breached its alleged contractual duty in August 2020, Robinson's May 2021 complaint was filed well within the statute-of-limitations period.

### III.

For the foregoing reasons, the district court erred by concluding that Robinson's breach-of-contract claim was time-barred. We therefore vacate and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*